UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCKLIN POLICE DEPARTMENT et al.,<br><br>    Defendant. | No. 2:18-cv-02172-JAM-KJN PS<br><br>ORDER |

Presently pending before the court is plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) The affidavit in support of the motion indicates that plaintiff's gross wages are $3,980 per month, i.e., $47,760 annually. (Id.) The affidavit also indicates that plaintiff supports his wife 100%. (Id. at 2.) According to the United States Department of Health and Human Services, the poverty guideline for a household of 2 people not residing in Alaska or Hawaii is $16,460 for 2018. See https://aspe.hhs.gov/poverty-guidelines (last visited August 23, 2018). Thus, plaintiff's gross household income is approximately 290% of the 2018 poverty guideline.

Additionally, plaintiff lists monthly expenses totaling $3790, or $190 less than his

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

1

monthly income. (See ECF No. 2 at 2.) Plaintiff also indicates that he has $440 in a checking account. (Id.) Moreover, although plaintiff is still making mortgage payments, he is the owner of a home with an approximate value of $416,000, a car worth $10,000, and a motor cycle worth $4,000. (Id.)

Presently, a filing fee of $400 is required to commence a civil action in this court. The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1). Here, the court cannot find that plaintiff is unable to pay, or provide security for, the court filing fee. To be sure, the court is sympathetic to the fact that plaintiff does not have a large income by any measure, and that plaintiff also has several expenses to contend with. However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is denied.
2. Within 28 days of this order, plaintiffs shall pay the applicable filing fee. However, the court will entertain a request for a reasonable extension of time to pay the fee should such an extension be necessary.
3. Failure to timely pay the filing fee, or timely request an extension of time to do so, may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: August 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/2172.martin.IFP denial

2