UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCKLIN POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:18-cv-02172-JAM-KJN (PS)<br><br>ORDER TO SHOW CAUSE |

Plaintiff Sean M. Martin, proceeding without counsel, commenced this action on August 9, 2018. (ECF No. 1.) On September 10, 2018, plaintiff filed the first amended complaint and paid the filing fee. (ECF No. 6.) That same day, the court issued an Order Setting Status Conference and directed plaintiff to "complete service of process on defendants named in the complaint within 90 days from the date of this order." (ECF No. 5 at 1.) A Status (Pretrial Scheduling) Conference was set for January 17, 2019, at 10:00 a.m., and all parties were directed to "appear by counsel or in person if acting without counsel." (Id. at 2.) Status reports were due no later than seven days prior to the status conference. (Id. at 2-3.)

No status reports were filed and plaintiff failed to appear at the status conference. Additionally, no defendant has yet appeared in this case, and there has been no docket activity by plaintiff since September 10, 2018. Such inactivity strongly suggests that plaintiff has not yet

1

served defendants with process, even though the deadline for service of process has expired.

On January 18, 2019, the court ordered plaintiff, within fourteen days: (1) to show cause in writing why sanctions should not be imposed for his failure to provide a status report and his failure to appear at the status conference; and (2) to provide proof of service of process on defendants or explain why such has not been completed. (ECF No. 9 at 3.) The deadline has passed and plaintiff has failed to respond as ordered.

The court specifically cautioned plaintiff of his duty to comply with the same rules of procedure that govern other litigants in federal court, including Eastern District Local Rule 110, which provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, plaintiff was warned that:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. L.R. 183(a).

Based on plaintiff's numerous failures, the court has considered whether the action should be dismissed at this juncture. Nevertheless, in light of plaintiff's *pro se* status and the court's general preference to resolve actions on their merits, the court first attempts lesser sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of this order, plaintiff shall pay the Clerk of Court $250.00 in monetary sanctions based on plaintiff's failure to appear at the status conference and failure to comply with court orders.

2. Within fourteen (14) days of this order, plaintiff shall also show cause in writing why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to prosecute the case and failure to comply with court orders.

3. Alternatively, if plaintiff no longer wishes to pursue the action at this time, he may instead file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within fourteen (14) days of this order.

4. Failure to either pay the monetary sanctions imposed and file a written response to the order to show cause by the required deadline, OR file a notice of voluntary dismissal of the action by the required deadline, may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: February 20, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE